FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 SEP 10 PM 12:49
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR- 1:13-cr-0185 TWP -DML |
| | ) | |
| DAVID DAY, | ) | -01 |
| a/k/a "Buster," | ) | |
| KIMBERLY TAYLOR, | ) | -02 |
| CHRISTOPHER NEWTON, | ) | -03 |
| LASHONDA COLLIER, | ) | -04 |
| JEREMY GILBERT, | ) | -05 |
| ERNEST JONES, | ) | -06 |
| NASHAMBA FLOYD, | ) | -07 |
| SYLVESTER RAGLAND, | ) | -08 |
| GERALD ADAMS, | ) | -09 |
| DEJUAN ALEXANDER, | ) | -10 |
| JANINE HOWARD, | ) | -11 |
| MARSHALL LINDSAY, | ) | -12 |
| JOE SNOW, | ) | -13 |
| ASHLEY FOX, | ) | -14 |
| JOSHUA DAY, | ) | -15 |
| KEYONA BERRY, | ) | -16 |
| RYAN THOMPSON, | ) | -17 |
| LON CAMPBELL, | ) | -18 |
| | ) | |
| Defendants. | ) | |

# INDICTMENT

## INTRODUCTION

At all times material to this Indictment:

**A. Social Security**

1. The United States Social Security Administration ("SSA") administers social

security as an independent agency of the executive branch of the United States Government.

2. The SSA issues social security numbers ("SSN") to United States citizens, permanent residents, and temporary working residents as a way to track individuals for social security purposes, among other things. 42 U.S.C. § 405(c)(2).

3. A SSN may be applied for by submitting Form SS-5, "Application for a Social Security Card," to the central issuing office of the SSA. The SSA does not reuse SSNs and no biometric information is associated with their issuance.

4. Social Security Cards reflecting an individual's SSN, are considered "identification documents," specifically, documents made or issued by or under the authority of the United States Government that contain information concerning a particular individual, of a type intended or commonly accepted for the purposes of identification of individuals.

**B. Credit Scores**

5. A credit score is a number lenders use to predict the likelihood of repayment if an individual is approved for a loan or credit. Credit scores are tallied from a summary of information in an individual's credit report or credit history as of the time it is reviewed and are unique to that individual based on the individual's respective credit report or credit history.

6. An individual's credit report or credit history is gathered through creditor reporting of financial obligations and how the obligations have been paid. An individual is identified by creditors through the individual's unique personal identifying information, to include their SSN.

7. Tradelines are each of an individual's credit accounts that are compiled to create

an individual's credit report or credit history. Tradelines are often used by consumer reporting agencies as references to rate an individual's creditworthiness.

The Grand Jury charges that:

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**
**[18 U.S.C. §§ 1343, 1349]**

8. The allegations and assertions stated in the Introduction are hereby incorporated by reference as if stated herein in full.

**The Conspiracy and Its Object**

9. The object of the conspiracy was to allow individuals with poor credit histories to successfully purchase vehicles with misappropriated SSNs and fraudulently established credit histories.

10. Beginning in or around September 2010, the exact date unknown to the Grand Jury, and continuing through approximately September 2013, in Marion County and elsewhere within the Southern District of Indiana, the Defendants,

**DAVID DAY, a/k/a "Buster"**
**and**
**KIMBERLY TAYLOR,**

combined, conspired, and agreed with each other and others known and unknown to the Grand Jury to commit any offense against the United States, to-wit: to knowingly and willfully transmit and cause to be transmitted in interstate commerce, wire communications, that is: electronic mail and wire transfer of funds, in furtherance of and for the purpose of executing a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations,

promises, and omissions of fact, in violation of Title 18, United States Code, Sections 1343 and 1349.

**The Scheme And Artifice To Defraud And To Obtain Money And Property By Means Of False And Fraudulent Pretenses, Representations, Promises, and Omissions of Fact ("The Scheme")**

11. It was part of the scheme that the Defendants and others known and unknown to the Grand Jury:

a. obtained SSNs previously issued to other individuals by the SSA;

b. sold some of the misappropriated SSNs through electronic mail correspondence for use in individuals' loan and credit applications;

c. caused to be prepared and instructed the users of the misappropriated SSNs to obtain identification documents with materially false information that would link the user to a new address, among other things;

d. caused to be prepared and instructed the users of the misappropriated SSNs to submit materially false and fraudulent credit applications and supporting documentation to various retailers that generated improved credit scores;

e. caused to be prepared materially false and fraudulent loan applications and supporting documentation that were submitted to lenders in order to receive loans with which to finance the purchase of vehicles.

**Manner and Means**

12. It was part of the conspiracy that, beginning in or around September 2010, the exact date being unknown to the Grand Jury, and continuing through in or around September 2013, Defendant KIMBERLY TAYLOR ("TAYLOR"), a resident of California, obtained and

sold misappropriated SSNs, referred to as "credit profile numbers" and "CPNs," to enable individuals to establish false credit histories in order to deceive lenders and obtain loans.

13. It was further part of the conspiracy that Defendant DAVID DAY, a/k/a "Buster" ("DAY"), a resident of Indianapolis, Indiana, communicated electronically with Defendant TAYLOR about purchasing misappropriated SSNs from Defendant TAYLOR.

14. It was further part of the conspiracy that Defendant DAY provided the names and other personal identifying information of customers and clients requesting new SSNs or CPNs to Defendant TAYLOR.

15. It was further part of the conspiracy that Defendant TAYLOR obtained previously issued SSNs, sold the misappropriated SSNs to Defendant DAY, and associated the misappropriated SSNs with the names and other personal identifying information of Defendant DAY's customers and clients.

16. It was further part of the conspiracy that Defendant DAY gave his customers and clients the misappropriated SSNs and in some cases provided instructions to establish fraudulent creditworthiness with the misappropriated SSNs.

17. It was further part of the conspiracy that, in some cases, Defendant DAY purchased fraudulent tradeline credit accounts for his customers and clients from UNINDICTED CO-CONSPIRATOR #1 to enhance the fraudulent credit histories of his customers and clients.

18. It was also a part of the conspiracy that, in most cases, the fraudulent tradeline credit accounts yielded positive credit histories for Defendant DAY's customers and clients, thereby allowing Defendant DAY's customers and clients to deceive lenders and obtain loans for

the purchase of vehicles and other property by materially false and fraudulent representations and promises, and omissions of fact.

**Overt Acts**

19. In furtherance of and to effect the object of the conspiracy, and to accomplish its purpose and objective, the Defendants committed and caused to be committed the following overt acts, among others, in the Southern District of Indiana, and elsewhere:

a. On or about September 10, 2010, Defendant DAY sent an e-mail to Defendant TAYLOR regarding payment for Sylvester Ragland's CPN.

b. On or about October 19, 2010, Defendant DAY sent an e-mail to Defendant TAYLOR requesting a SSN/CPN for Christopher Newton.

c. On or about October 20, 2010, Defendant TAYLOR sent a responsive e-mail to Defendant DAY including the new "profile" for Christopher Newton, the misappropriated SSN ending 6174.

d. On or about February 24, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding the addition of tradelines to Lon Campbell's credit history.

e. On or about February 24, 2011, UNINDICTED CO-CONSPIRATOR #1 sent an e-mail to Defendant TAYLOR requesting a CPN for Lon Campbell.

f. On or about February 24, 2011, Defendant TAYLOR sent a responsive e-mail to UNINDICTED CO-CONSPIRATOR #1 including the new "profile" for Lon Campbell, the misappropriated SSN ending 3138.

g. On or about February 25, 2011, UNINDICTED CO-CONSPIRATOR #1 sent a

responsive e-mail to Defendant DAY including the new "profile" for Lon Campbell previously provided by Defendant TAYLOR.

h. On or about March 16, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding tradelines that had been placed on the credit history of Ryan Thompson.

i. On or about May 10, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding the addition of tradelines to Lashonda Collier's credit history using misappropriated SSN ending 7896.

j. On or about June 25, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding the addition of tradelines to Ernest Jones's credit history using misappropriated SSN ending 3344.

k. On or about June 25, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding the addition of tradelines to Nashamba Floyd's credit history using misappropriated SSN ending 3214.

l. On or about August 23, 2011, Defendant DAY sent an e-mail to UNINDICTED CO-CONSPIRATOR #1 regarding the addition of tradelines to the credit histories of Nashamba Floyd and Gerald Adams.

m. On or about October 18, 2011 and October 19, 2011, Defendant DAY sent e-mails to Defendant TAYLOR requesting CPNs for three individuals to include Janine Howard.

n. On or about October 19, 2011, Defendant TAYLOR sent a responsive e-mail to Defendant DAY including the new "profile" for Janine Howard, the misappropriated SSN ending in 1177.

o. On or about October 27, 2011, an associate of UNINDICTED CO-CONSPIRATOR #1 sent an instructional e-mail to Defendant DAY regarding posting tradelines to the credit history of DeJuan Alexander, among others.

p. On or about November 9, 2011, an associate of UNINDICTED CO-CONSPIRATOR #1 sent an e-mail to Defendant DAY including documents and instructions regarding Janine Howard's credit history.

q. On or about November 29, 2011, Defendant DAY sent an e-mail to Defendant TAYLOR requesting CPNs for himself and for Marshall Lindsay.

r. On or about November 30, 2011, Defendant TAYLOR sent a responsive e-mail to DAY including the "profile" for Marshall Lindsay, the SSN ending 7303.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

**COUNTS TWO through NINETEEN**
**(False Statements in Loan and Credit Applications)**
**[18 U.S.C. § 1014]**

The Grand Jury further alleges that:

20. The allegations and assertions stated in paragraphs one through nineteen are hereby incorporated by reference as if stated herein in full.

21. On or about the dates listed below, in Marion County and elsewhere, in the Southern District of Indiana, the Defendants named below knowingly made false statements and reports for the purpose of influencing the action of banks and credit unions whose deposits are insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration, upon applications, advances, purchases, purchase agreements, commitments, and loans, to-wit:

| COUNT | DEFENDANT | DATE | INSTITUTION | FALSE STATEMENT |
|---|---|---|---|---|
| 2 | CHRISTOPHER NEWTON | 02/14/11 | Ally Financial | SSN to be XXX-XX-6174 on credit application |
| 3 | DAVID DAY | 06/12/11 | GE Capital Retail Bank | SSN to be XXX-XX-9469 on credit application |
| 4 | LASHONDA COLLIER | 08/04/11 | Ally Financial | SSN to be XXX-XX-7896 on credit application |
| 5 | LASHONDA COLLIER | 08/08/11 | Ally Financial | SSN to be XXX-XX-7896 on credit application |
| 6 | JEREMY GILBERT | 08/06/11 | Ally Financial | SSN to be XXX-XX-7451 on credit application |
| 7 | ERNEST JONES | 08/08/11 | PNC Bank | SSN to be XXX-XX-3344 on credit application |
| 8 | NASHAMBA FLOYD | 09/13/11 | PNC Bank | SSN to be XXX-XX-3214 on credit application |
| 9 | NASHAMBA FLOYD | 09/14/11 | Ally Financial | SSN to be XXX-XX-3214 on credit application |
| 10 | SYLVESTER RAGLAND | 09/24/11 | Huntington National Bank | SSN to be XXX-XX-6173 on credit application |
| 11 | SYLVESTER RAGLAND | 05/24/12 | Ally Financial | SSN to be XXX-XX-6173 on credit application |

| | | | | |
|---|---|---|---|---|
| 12 | GERALD ADAMS | 09/30/11 | Huntington National Bank | SSN to be XXX-XX-9874 on credit application |
| 13 | DEJUAN ALEXANDER | 11/26/11 | Ally Financial | SSN to be XXX-XX-1267 on credit application |
| 14 | JANINE HOWARD | 12/20/11 | Huntington National Bank | SSN to be XXX-XX-1177 on credit application |
| 15 | JANINE HOWARD | 12/27/11 | Wells Fargo | SSN to be XXX-XX-1177 on credit application |
| 16 | JOE SNOW | 05/25/12 | Old National Bank | SSN to be XXX-XX-7131 on credit application |
| 17 | ASHLEY FOX | 07/18/12 | JP Morgan Chase Bank | SSN to be XXX-XX-6432 on credit application |
| 18 | ASHLEY FOX | 07/20/12 | Huntington National Bank | SSN to be XXX-XX-6432 on credit application |
| 19 | JOSHUA DAY | 12/15/12 | First Financial Bank | SSN to be XXX-XX-0619 on credit application |

when in truth and in fact, as the Defendant well knew, his/her social security number was not as represented.

All in violation of Title 18, United States Code, Section 1014.

**COUNTS TWENTY through THIRTY-FOUR**
**(Using a False Social Security Number with Intent to Deceive)**
**[42 U.S.C. § 408(a)(7)(B)]**

The Grand Jury further charges that:

22. The allegations and assertions stated in paragraphs one through nineteen are hereby incorporated by reference as if stated herein in full.

23. On or about the dates listed below in Marion County and elsewhere, in the Southern District of Indiana, the Defendants named below, with the intent to deceive and for the purpose of obtaining anything of value from any person, to-wit: loans and property, falsely represented a number, as listed below, to be the social security account number assigned by the Commissioner of Social Security to him/her:

| COUNT | DEFENDANT | DATE | DEALERSHIP | FALSE STATEMENT |
|---|---|---|---|---|
| 20 | CHRISTOPHER NEWTON | 02/10/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-6174 on credit application |
| 21 | RYAN THOMPSON | 04/23/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-9157 on credit application |
| 22 | LON CAMPBELL | 05/03/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-3138 on credit application |
| 23 | JEREMY GILBERT | 08/10/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-7451 on credit application |
| 24 | ERNEST JONES | 08/11/11 | Ray Skillman NE Imports, Indianapolis, IN | SSN to be XXX-XX-3344 on credit application |
| 25 | NASHAMBA FLOYD | 09/09/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-3214 on credit application |

| | | | | |
|---|---|---|---|---|
| 26 | GERALD ADAMS | 10/28/11 | CarMax Auto Superstores, Indianapolis, IN | SSN to be XXX-XX-9874 on credit application |
| 27 | DEJUAN ALEXANDER | 12/10/11 | CarMax Auto Superstore, Indianapolis, IN | SSN to be XXX-XX-1267 on credit application |
| 28 | JANINE HOWARD | 01/03/12 | Penske Chevrolet, Indianapolis, IN | SSN to be XXX-XX-1177 on credit application |
| 29 | MARSHALL LINDSAY | 03/22/12 | CarMax Auto Superstore, Indianapolis, IN | SSN to be XXX-XX-7303 on credit application |
| 30 | JOE SNOW | 06/23/12 | Andy Mohr Lincoln, Plainfield, IN | SSN to be XXX-XX-7131 on credit application |
| 31 | JOSHUA DAY | 12/27/12 | Elite Imports, LLC, Indianapolis, IN | SSN to be XXX-XX-0619 on credit application |
| 32 | JOSHUA DAY | 01/05/13 | Champion Chrysler Jeep Dodge, Indianapolis, IN | SSN to be XXX-XX-0619 on credit application |
| 33 | KEYONA BERRY | 01/19/13 | Elite Imports, LLC, Indianapolis, IN | SSN to be XXX-XX-0032 on credit application |
| 34 | KEYONA BERRY | 01/28/13 | Champion Chrysler Jeep Dodge, Indianapolis, IN | SSN to be XXX-XX-0032 on credit application |

when in truth and in fact, as the Defendant well knew, his/her social security number was not as represented.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

**FORFEITURE**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies the Defendants that it will seek forfeiture of property pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 982(a)(2)(A), if convicted of any of the offenses set forth in Counts 1 through 34, the Defendants shall forfeit to the United States:

a. any property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as the result of the offense, or

b. a sum of money equal to the total amount of the proceeds of the offense.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1) the court shall order the forfeiture of any other property of the Defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the Defendants, the property described in paragraph 2, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendants up to the value of all forfeitable property as described above in paragraph 2.

A TRUE BILL:

FOREPERSON

[redacted]

JOSEPH H. HOGGETT
United States Attorney

By: Cynthia J. Ridgeway
Assistant United States Attorney